[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 21-10442
Non-Argument Calendar

————————————————

D.C. Docket No. 1:17-cr-00446-TCB-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO MORENO,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

(August 20, 2021)

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

Pedro Moreno, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion for compassionate release under 18 U.S.C.

§ 3582(c)(1)(A), as amended by § 603 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 ("First Step Act"), and its denial of his motion for reconsideration.  In his § 3582(c)(1)(A) motion, Moreno sought release to home confinement based on medical conditions of post-surgical disability, schizophrenia, depression, bipolar disorder, and paranoia, which he said weakened his immune system and exacerbated his susceptibility to COVID-19.  The district court denied his motion, concluding that Moreno did not present extraordinary and compelling reasons for a sentence reduction consistent with U.S Sentencing Guidelines Manual ("U.S.S.G."). § 1B1.13 and that the 18 U.S.C. § 3553(a) factors weighed against granting a reduction.  The court then denied Moreno's motion for reconsideration, and Moreno appealed.  The government has moved for summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where . . . the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

We review a district court's decision as to whether to reduce a sentence under 18 U.S.C. § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021).  Abuse-of-discretion review "means that the district court had a range of choice" and that we "cannot reverse just because we might have come

2

to a different conclusion." *Id.* at 912 (quotation marks omitted). Nevertheless, a district court abuses its discretion when it applies an incorrect legal standard, applies the law unreasonably, or follows improper procedures. *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015). We also review the denial of a motion for reconsideration for abuse of discretion. *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 (11th Cir. 2014). A motion for reconsideration "cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.*

As amended by the First Step Act, § 3582(c)(1)(A) permits district courts to reduce a term of imprisonment upon a defendant's motion where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The policy statement applicable to § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1248 (11th Cir. 2021). Section § 1B1.13 provides that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. The court must also determine that the defendant is not a danger to the safety of any other person or to the community, as provided in 18

3

U.S.C. § 3142(g), before it can reduce a sentence. *See* U.S.S.G. § 1B1.13; *id.*, comment. (n.1).

A defendant's medical conditions are potential "extraordinary and compelling reasons" warranting a sentence reduction. U.S.S.G. § 1B1.13, comment. (n.1). Qualifying medical conditions include terminal illnesses or other serious physical or cognitive conditions "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*, comment. (n.1(A)).

Here, Moreno has abandoned any challenge to the orders on appeal by failing to address the district court's stated reasons for denying his § 3582(c)(1)(A) motion. Instead, he contends that he is being illegally confined because he received ineffective assistance of counsel and endured prosecutorial misconduct and an invalid and coerced guilty plea. "While we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted).

In any case, there is no substantial question that the district court properly denied Moreno's motion for compassionate release and his motion for reconsideration. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. First, Moreno presented no evidence to show that he suffered from his alleged medical conditions, that his conditions were so serious or advanced to justify a sentence reduction, or

4

that his conditions led him to be more susceptible to COVID-19. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (affirming the district court's denial of a prisoner's motion for compassionate release where the prisoner argued that her medical conditions justified her release because they increased her risk of contracting COVID-19 but did not provide sufficient evidence that the medical conditions increased the risk).

Moreover, the district court explicitly considered the 18 U.S.C. § 3553(a) factors in making its determination, concluding that Moreno's short amount of time served—less than fifteen percent of a fourteen-year sentence—and his prior drug convictions did not weigh in favor of granting relief. The district court reasoned that under these circumstances, release would not account for the nature and seriousness of the offense, promote respect for the law, or provide adequate deterrence or protection. We conclude that the district court's decision fell within the "range of choice it is afforded to exercise its discretion." *See Harris*, 989 F.3d at 912. The district court also did not abuse its discretion in denying Moreno's motion for reconsideration. That motion was merely an attempt to relitigate old matters and raise arguments that could have been raised in his initial motion for relief. *See Cummings*, 757 F.3d at 1234.

Because there is no substantial question that the district court did not abuse its discretion by denying Moreno's motion for compassionate release or his motion for

reconsideration, the government's motion for summary affirmance is GRANTED

and its motion to stay the briefing schedule is DENIED as moot.

**AFFIRMED.**